LABORDE, PLAINTIFF AND APPELLEE, *v.* LÓPEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Damages.—Memorandum of Costs.

No. 2406.—Decided May 31, 1921.

COSTS—ATTORNEY FEES—JURISDICTION.—The memorandum of costs as presented included attorney fees for the work done in the Supreme Court and the district court ordered their payment. *Held:* That the district court was without jurisdiction to make such an order.

The facts are stated in the opinion.

*Messrs. F. González* and *J. B. Huyke* for the appellant.

*Mr. M. Tous Soto* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

After the final judgment was entered in this action the plaintiff filed a memorandum of costs, disbursements and attorney fees amounting to $3,615.35. The defendant opposed it and the district court reduced the amount to $1,586.35. The defendant appealed to this court.

The memorandum contains the following items:

"Fees of attorney Eugenio Benítez Castaño in the district court,

$700. *Idem* in the Supreme Court, $1,000. Fees of attorney M. Tous Soto in the district court and in the Supreme Court, $1,000.''

The order of the district court as to these items was as follows:

''And as regards the fees of attorneys Eugenio Benítez Castaño and M. Tous Soto, which were fixed at the respective sums of $1,700 and $1,000, after an examination of the record and considering the amount of the judgment finally entered by the Supreme Court, they are reduced to $800 and $700.''

As will be seen, attorney fees were charged not only for the services rendered in the district court, but also for those rendered in the Supreme Court, the court taking both into consideration.

The part of the judgment allowing attorney fees referred naturally to the costs incurred up to the date of the judgment. The Supreme Court sustained that part of the judgment.

There was no judgment allowing attorney fees for services rendered in connection with the appeal; therefore the district court acted without authority in taking such services into consideration in fixing the amount of the attorney fees, and as this court has no basis for determining what the district court would have decided with regard to the services rendered in that court only, this court must remand the case to the district court for further proceedings in accordance with the principles herein stated and with the opinion in the case of *Nicot* v. *Valdecilla et al., ante,* page 495, in which this question is more fully considered.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.